1  NIKKI L. BAKER (Nevada Bar No. 6562)
   nbaker@bhfs.com
2  LAURA E. BIELINSKI (Nevada Bar No. 10516)
   lbielinski@bhfs.com
3  BROWNSTEIN HYATT FARBER SCHRECK, LLP
   100 North City Parkway, Suite 1600
4  Las Vegas, Nevada 89106-4614
   Telephone:    (702) 382-2101
5  Facsimile:    (702) 382-8135

6  Attorneys for Plaintiff
   FERTITTA ENTERTAINMENT LLC

7

8                  UNITED STATES DISTRICT COURT

9                      DISTRICT OF NEVADA

10

11  FERTITTA ENTERTAINMENT LLC, a          Case No.
    Delaware limited liability company,
12                                          **COMPLAINT FOR DAMAGES AND**
                    Plaintiff,              **INJUNCTIVE RELIEF**
13
    v.                                      (1)  Trademark Infringement under 15 U.S.C. §
14                                               1114
    VIVA GAMING LLC, a Nevada limited
15  liability company, GONZALO DE           (2)  Unfair Competition under 15 U.S.C. § 1125(a)
    VARONA & ASSOCIATES, an entity of
16  unknown origin doing business in        (3)  State Trademark Infringement under NRS §
    Nevada, and GONZALO DE VARONA,              600.420
17  an individual,
                                            (4)  Common Law Trademark Infringement
18
19                  Defendants.
20
21
22
23

24         For its complaint against Defendants Viva Gaming LLC ("Viva Gaming"), Gonzalo de

25  Varona & Associates ("Associates") and Gonzalo de Varona ("Varona") (collectively

26  "Defendants"), Plaintiff Fertitta Entertainment LLC ("Fertitta") alleges the following:

27

28

                                            1

BROWNSTEIN HYATT FARBER SCHRECK , LLP
100 CITY PARKWAY , SUITE 1600
LAS VEGAS , NV
(702) 382-2101

## NATURE OF THE CASE

1.    This is an action for trademark infringement and unfair competition under federal statutes, with pendent state and/or common law claims for trademark infringement and intentional interference with prospective economic advantage.

2.    This action arises out of Defendants' adoption and use of the trademark VIVA GAMING in connection with hotel and brick-and-mortar casino reservation services.  Defendants' VIVA GAMING trademark is confusingly similar to Fertitta's VIVA-formative trademarks, which Fertitta and its licensees use in connection with hotel and brick-and-mortar casino services.

3.    Specifically, Fertitta licenses its VIVA-formative marks to Station Casinos LLC and its subsidiaries and affiliates (collectively, "Station Casinos Licensees") to market and operate their famous, multi-million dollar resort hotel casinos.

4.    By using a trademark that is confusingly similar to Fertitta's trademarks in connection with goods and services that are the same and/or highly related to those offered by Fertitta and its licensees, Defendants are misleading consumers into falsely believing that Defendants' business activities are affiliated with or sponsored by Fertitta, when indeed, they are not.

5.    Through this action, Fertitta seeks damages, attorneys' fees, costs, and preliminary and permanent injunctive relief.

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a).  This Court has supplemental jurisdiction over Fertitta's state and common law claims pursuant to 28 U.S.C. § 1367(a).

7.    This Court has personal jurisdiction over Defendant Viva Gaming because it is a registered Nevada limited liability company.

8.    This Court has personal jurisdiction over Defendants Associates and Varona, because, upon information and belief, their contacts with the State of Nevada are so substantial, continuous, and systematic that they can be deemed to be present in this forum for all purposes. Alternatively, jurisdiction over them is proper based upon their purposeful direction of infringing

Brownstein Hyatt Farber Schreck, LLP
100 City Parkway , Suite 1600
Las Vegas , NV
(702) 382-2101

conduct at Fertitta in the State of Nevada, which caused and continues to cause Fertitta harm in the State of Nevada.  Specifically, Defendants Associates and Varona purposefully directed their activities toward the District of Nevada when they willfully infringed Fertitta's intellectual property rights, knowing that Fertitta is does business in the District of Nevada.

9.      Venue is proper in the unofficial Southern Division of the United States District Court for the District of Nevada under 28 U.S.C. §§ 1391(b) and 1391(d).

### PARTIES

10.     Plaintiff Fertitta is and was at all relevant times a Delaware limited liability company and is successor in interest to certain intellectual property assets that are the subject of this action.  Fertitta owns certain VIVA-formative trademarks, which it licenses to the Station Casinos Licensees.

11.     Defendant Viva Gaming is and was at all relevant times a Nevada limited liability company.

12.     Fertitta is informed and believes and thereon alleges that Defendant Associates is and was at all relevant times an entity of unknown origin doing business in Las Vegas, Nevada.

13.     Fertitta is informed and believes and thereon alleges that  Defendant Varona is and was at all relevant times a United States resident, president and managing director of Viva Gaming, and a principal and owner of Associates.

### FERTITTA'S RIGHTS

14.     Fertitta is successor in interest to trademark rights in various VIVA-formative marks used in connection with a variety of goods and services.  In acquiring these assets, Fertitta also acquired the right to sue for past infringement.

15.     Fertitta licenses the VIVA-formative marks to the Station Casinos Licensees for use in connection with various Station Casinos-branded properties.

16.     Fertitta's predecessors in interest began using VIVA-formative marks in connection with hotel services at least as early as 2000, and in connection with brick-and-mortar casino services at least as early as 2006.

BROWNSTEIN HYATT FARBER SCHRECK , LLP
100 CITY PARKWAY , SUITE 1600
LAS VEGAS , NV
(702) 382-2101

17.     Since 2000, Fertitta, its predecessors in interest and the Station Casinos Licensees have continuously used the VIVA-formative marks in commerce with various goods and services related to the hospitality and gaming industries.

18.     Fertitta owns numerous federal trademark registrations for marks that incorporate VIVA on the Principal Register of the United States Patent and Trademark Office ("USPTO") in connection with a variety of goods and services:

- **VIVA** for casino services excluding online gaming services (Reg. No. 3,342,201);
- **VIVA CASINO** for casino services excluding online gaming services (Reg. No. 3,473,703);
- **VIVA**  for resort hotel and hotel services (Reg. No. 3,628,800);
- **VIVA LAS VEGAS**  for hotel services (Reg. No. 3,705,345); and
- **VIVA** for wearing apparel, namely, shirts, t-shirts, hats and caps (Reg. No. 3,735,308).

19.     Fertitta also owns the following Nevada trademark registrations, which incorporate VIVA:

- **VIVA** for resort hotel and hotel services; casino services excluding online gaming services (E0473232012-6);
- **VIVA CASINO** for casino services excluding online gaming services (Reg. No. E0473242012-7); and
- **VIVA** for wearing apparel, namely, shirts, t-shirts, hats and "[caps]" (Reg. No. E0473212012-4).

(collectively, the trademarks that are the subject of Fertitta's aforementioned federal and Nevada registrations are hereafter referred to as the "VIVA Marks").

20.     Fertitta and its predecessors in interest have protected the rights in the VIVA Marks by, among other things, asserting their rights against trademark infringers upon discovering infringing activity.

21.     Fertitta and its predecessors in interest have invested substantial sums of money to acquire rights in, advertise, promote and protect the VIVA Marks.

22.     Additionally, Fertitta, its predecessors in interest and the Station Casinos Licensees have made use of the VIVA Marks on, among other things, casino and hotel signage, wearing apparel, souvenirs and promotional materials.

23.     Based on Fertitta's trademark registrations, and its, its predecessors in interest and the Station Casinos Licensees' extensive use, Fertitta owns the exclusive right to use the VIVA Marks in connection with hotel and brick-and-mortar casino services.

## DEFENDANTS' INFRINGING ACTIVITIES

### *The Infringing Website*

24.     On or about October 5, 2010, Associates registered the <gdevarona.com> Internet domain name ("Varona Domain Name").

25.     Some time after registration, one or more of the Defendants directed the Varona Domain Name to a website ("Infringing Website") available in both English and Spanish, which promotes Defendants' "luxury travel services", including hotel and brick-and-mortar casino reservation services, under the trademark VIVA GAMING ("VIVA GAMING Mark").

26.     On information and belief, Defendants began using the VIVA GAMING Mark in commerce through the Infringing Website on or about February 22, 2011, long after Fertitta, its predecessors in interest and the Station Casinos Licensees began using the VIVA Marks in commerce.

27.     The English language version of the Infringing Website's home page banner prominently displays the VIVA GAMING Mark over a picture of the Las Vegas skyline, with additional gaming-related images depicting a slot machine and casino patrons gambling at a gaming table.

28.     Next to a picture of Varona, the Infringing Website invites consumers to "call today and find out why every year more families Travel & Cruise with Viva Gaming to Las Vegas", listing a 702 area code phone number for reservations.

29.     The Infringing Website also boasts that Defendants "are ready to match or improve any current offer or promotional incentives from any LV [presumably Las Vegas] casino".

30.     The Infringing Website purports to offer Defendants' customers a "collection of properties under representation," which offer "the best experience, service and value".

31.     The "destinations" page of the Infringing Website lists Defendants' "[c]asino [r]epresentation and [s]trategic [p]artners".

32.     The Infringing Website indicates that Defendants represent and/or are strategic partners with competitors of the Station Casinos Licensees in the hotel and gaming industries, some of which are located in Las Vegas.

33.     Specifically, among others, the Infringing Website lists the Cosmopolitan and Tropicana in Las Vegas as representative affiliates.

*The Viva Gaming Social Media Pages*

34.     Fertitta is informed and believes and thereon alleges that Defendants operate a Twitter account, available at http://twitter.com/vivagaming ("Viva Gaming Twitter Page"), which promotes their hotel and brick-and-mortar casino reservation services.

35.     The Viva Gaming Twitter Page indicates that Viva Gaming is located in Las Vegas, Nevada, and states its purpose is to promote "travel, gaming, cruising, music, fashions, sports and poker [] destinations".

36.     Fertitta is informed and believes and thereon alleges that Defendants operate a Facebook account, available at http://www.facebook.com/pages/Viva-Gaming-Resorts/113466392020400#!/pages/VIVA-Gaming-LLC/191689450867411 ("Viva Gaming Facebook Page" and, together with the Viva Gaming Twitter Page, the "Viva Gaming Social Media Pages"), which promotes their hotel and brick-and-mortar casino reservation services.

37.     The "about" section of the Viva Gaming Facebook Page indicates that Viva Gaming is located in Las Vegas, Nevada, and that Viva Gaming promotes "travel to luxury gaming destinations around the globe".

38.     The Viva Gaming Social Media Pages reference travel opportunities and events taking place in Las Vegas, Nevada.

BROWNSTEIN HYATT FARBER SCHRECK , LLP
100 CITY PARKWAY , SUITE 1600
LAS VEGAS , NV
(702) 382-2101

*The Viva Gaming Application*

39.     Viva Gaming filed a trademark application with the USPTO ("VIVA GAMING Application") on June 17, 2011, for the VIVA GAMING Mark, for use in connection with "promoting recreation and tourism in gaming resort environments worldwide", claiming it first started using the VIVA GAMING Mark on February 22, 2011.

40.     The USPTO issued a Notice of Abandonment for the VIVA GAMING Application on or about May 7, 2012, after Viva Gaming failed to file a response to a USPTO Office Action.

*Defendants Lacked Fertitta's Authorization*

41.     Fertitta recently became aware of Defendants' activities.

42.     Defendants did not obtain Fertitta's consent or authorization to use a VIVA-formative mark in connection with brick-and-mortar casinos and hotels reservation services.

43.     Fertitta is informed and believes and thereon alleges that by using the VIVA GAMING Mark in connection with hotel and brick-and-mortar casino reservation services, Defendants were and are attempting to trade on the goodwill associated with the VIVA Mark.

44.     Fertitta is informed and believes and thereon alleges that by using the VIVA GAMING Mark in connection with hotel and brick-and-mortar casino reservation services, Defendants were and are attempting to create an association between their services and the services associated with the VIVA Mark, in a manner that is likely to harm the goodwill represented by the VIVA Mark.

45.     Fertitta is informed and believes and thereon alleges that Defendants have no bona fide trademark or other intellectual property rights in VIVA-formative marks.

46.     Fertitta is informed and believes and thereon alleges that Defendants did not believe or have reasonable grounds to believe that its use of a VIVA-formative mark was a fair use or otherwise lawful.

Brownstein Hyatt Farber Schreck , LLP
100 City Parkway , Suite  1600
Las Vegas , NV
(702) 382-2101

BROWNSTEIN HYATT FARBER SCHRECK , LLP
100 CITY PARKWAY , SUITE 1600
LAS VEGAS , NV
(702) 382-2101

**COUNT I**

**(Federal Trademark Infringement – 15 U.S.C. § 1114)**

47.     Fertitta repeats and re-alleges the allegations in the Paragraphs 1 through 46, as if fully set forth herein.

48.     By using the VIVA GAMING Mark in commerce in connection with hotel and brick-and-mortar casino reservation services without Fertitta's consent, Defendants intentionally and knowingly used and continue to use in commerce reproductions, counterfeits, copies and/or colorable imitations of Fertitta's VIVA Marks in connection with the sale, offering for sale, or advertising of services in a manner that is likely to cause confusion or mistake, or to deceive consumers as to an affiliation, connection, or association with Fertitta and/or the Station Casinos Licensees.

49.     Defendants' use of the VIVA GAMING Mark in commerce has created a likelihood of confusion among consumers who may falsely believe that Defendants' services are associated with Fertitta and/or the Station Casinos Licensees or that Fertitta and/or the Station Casinos Licensees have sponsored or approved of Defendants' services or commercial activities.

50.     Defendants' use of the VIVA GAMING Mark in connection with hotel and brick-and-mortar casino reservation services is also likely to cause initial interest confusion.

51.     Defendants' continued and knowing use of the VIVA GAMING Mark without Fertitta's consent or authorization constitutes intentional infringement of Fertitta's federally registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

52.     As a direct and proximate result of Defendants' infringement, Fertitta has and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

53.     In addition to monetary damages, Fertitta is entitled to preliminary and permanent injunctive relief preventing Defendants' continued infringement of Fertitta's rights in the VIVA Marks.

Brownstein Hyatt Farber Schreck, LLP
100 City Parkway , Suite 1600
Las Vegas , NV
(702) 382-2101

## COUNT II

### (Unfair Competition: False Designation of Origin – 15 U.S.C. § 1125(a)(1)(A))

54.     Fertitta repeats and re-alleges the allegations in the Paragraphs 1 through 53, as if fully set forth herein.

55.     Defendants' use of the VIVA GAMING Mark constitutes intentional conduct by Defendants to make false designations of origin and false descriptions about Defendants' services and commercial activities, in violation of 15 U.S.C. § 1125(a)(1)(A).

56.     Defendants' actions have created a likelihood of confusion among consumers who will falsely believe that Defendants' services are produced by, or affiliated or associated with, Fertitta and/or the Station Casinos Licensees, when in fact they are not.

57.     Fertitta is informed and believes and thereon alleges that Defendants acted knowingly, deliberately, and willfully with the intent to trade on Fertitta and the Station Casinos Licensees' reputations.

58.     Defendants' conduct is willful, wanton and egregious.

59.     As a direct and proximate result of Defendants' infringement, Fertitta has and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

60.     In addition to monetary damages, Fertitta is entitled to preliminary and permanent injunctive relief preventing Defendants' continued infringement of Fertitta's rights in the VIVA Marks.

## COUNT III

### (State Trademark Infringement – NRS § 600.420)

61.     Fertitta repeats and re-alleges the allegations in the Paragraphs 1 through 60, as if fully set forth herein.

62.     By using the VIVA GAMING Mark in commerce without the consent or authorization of Fertitta, Defendants intentionally and knowingly used in commerce reproductions, counterfeits, copies and/or colorable imitations of Fertitta's VIVA Marks in connection with the sale, offering for sale, or advertising of services in a manner that is likely to

cause confusion or mistake, or to deceive consumers as to an affiliation, connection, or association with Fertitta and/or the Station Casinos Licensees.

63.    Defendants' use of the VIVA GAMING Mark has created a likelihood of confusion among consumers who may falsely believe that Defendants' goods and services are associated with the goods and services of Fertitta or the Station Casinos Licensees, or that they have sponsored or approved of Defendants' goods, services or commercial activities.

64.    Defendants' use of the VIVA GAMING Mark is also likely to cause initial interest confusion.

65.    Defendants' continued use of the VIVA GAMING Mark with knowledge of the VIVA Marks and without the consent or authorization of Fertitta constitutes intentional infringement of Fertitta's registered state trademarks in violation of NRS § 600.420.

66.    As a direct and proximate result of Defendants' infringement, Fertitta has and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

67.    In addition to monetary damages, Fertitta is entitled to preliminary and permanent injunctive relief preventing Defendants' continued infringement of Fertitta's rights in the VIVA Marks.

## COUNT IV

### (Common Law Trademark Infringement)

68.    Fertitta repeats and re-alleges the allegations in the Paragraphs 1 through 67, as if fully set forth herein.

69.    By virtue of having used and continuing to use the VIVA Marks, Fertitta has acquired common law trademark rights.

70.    Defendants' use of the VIVA GAMING Mark infringes upon Fertitta's common law trademark rights in the VIVA Marks, and is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendants' services originate from, are affiliated with, or are endorsed by Fertitta and/or the Station Casinos Licensees, when, in fact, they are not.

71.    As a direct and proximate result of Defendants' infringement, Fertitta has and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

BROWNSTEIN HYATT FARBER SCHRECK , LLP
100 CITY PARKWAY , SUITE  1600
LAS VEGAS , NV
(702) 382-2101

72.     In addition to monetary damages, Fertitta is entitled to preliminary and permanent injunctive relief preventing Defendants' continued infringement of Fertitta's rights in the VIVA Marks.

### PRAYER FOR RELIEF

WHEREFORE, Fertitta respectfully prays that the Court grant the following relief:

A.     A preliminary and permanent injunction prohibiting Defendants, Defendants' respective officers, agents, servants, employees and/or all persons acting in concert or participation with Defendants, from using any VIVA-formative mark or confusingly similar variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any purpose whatsoever (including, but not limited to, on websites in social media accounts, in domain names, in hidden text and metatags);

B.     Disgorgement of Defendants' profits earned in connection with their use of the VIVA GAMING Mark;

C.     An award of compensatory, consequential, statutory, exemplary, and/or punitive damages to Fertitta in an amount to be determined at trial;

D.     An award of costs and attorneys' fees pursuant to NRS §§ 600.430(3) and 600.435(3), and the law, and interest thereon, incurred by Fertitta in prosecuting this action; and

E.     All other relief to which Fertitta is entitled.

DATED this 14th day of December, 2012.

Respectfully submitted,

BROWNSTEIN HYATT FARBER
SCHRECK, LLP

By:  /s/ Laura E. Bielinski
Nikki L. Baker (Nevada Bar No. 6562)
Laura E. Bielinski (Nevada Bar No. 10516)
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614

Attorneys for Plaintiff
FERTITTA ENTERTAINMENT LLC

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 CITY PARKWAY , SUITE 1600
LAS VEGAS , NV
(702) 382-2101

013877\0010\1727406.4                                11